UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **KENNETH ADAM MARSHALL,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:04cv0494 AS |
| | ) | |
| **JOHN R. VANNATTA, Superintendent,** | ) | |
| **Miami Correctional Facility,** | ) | |
| | ) | |
| Respondent | ) | |

### *MEMORANDUM OPINION AND ORDER*

This case started with the filing of a petition seeking relief under 28 U.S.C. §2254 on July 27, 2004, slightly less than a year ago. The court takes full judicial notice of the proceedings in this case. The initial actions in this case were taken pro se by Kenneth Adam Marshall, and this court appointed Michael Parkinson of Lafayette, Indiana as counsel for this petitioner on or about April 14, 2005. Mr. Parkinson is literally an expert in this area of litigation and has represented many petitioners in proceedings under 28 U.S.C. §2254 under appointment of this court. The court takes note of the filing on behalf of Kenneth Adam Marshall on May 23, 2005, and the brief filed by the Attorney General of Indiana on June 22, 2005. Both have been given careful attention. Certainly there was a notice of interlocutory appeal made by Kenneth Adam Marshall on February 10, 2005, as well as the filings that followed on April 1, 2005 and April 13, 2005. There is thus a huge bundle of proceedings in this case.

It has been increasingly difficult to sort this one out accurately. There were probation

revocation proceedings in Vigo County, Indiana at Terre Haute, Indiana involving this petitioner. This petitioner seems to be arguing that his attorney rendered ineffective assistance of counsel in that proceeding. There may be a serious and fundamental issue with that argument under *Pennsylvania v. Finley,* 481 U.S. 551 (1987). To go back to the beginning, this petitioner, Kenneth Adam Marshall, entered a plea of guilty to two state offenses in the Vigo Superior Court in Terre Haute, Indiana on or about March 26, 2002. One of the pleas of guilty was to two counts of theft and one plea of guilty was felony operating a motor vehicle while intoxicated. All of these offenses were felonies under the law of Indiana. Mr. Marshall was sentenced to an aggregate term of three years incarceration with 232 days, during which he was to report to what is called Day Reporting and the balance of 863 days were probation. Marshall was also charged with eight distinct offenses in Marion County, Indiana at Indianapolis, Indiana on or about September 17, 2002 while he was on probation in the aforesaid Vigo County felony convictions. In the Marion Superior Court at Indianapolis, Indiana, Marshall was convicted of three offenses on or about September 10, 2003. He was convicted of one count of class D felony, driving while intoxicated, for which he was sentenced to three years incarceration. He was also convicted of one count of theft for which he was sentenced to five years incarceration. Finally also in Marion County, Indiana, this petitioner Marshall was convicted of one count of operating a vehicle as a habitual traffic offender which is also a felony under the law of Indiana. He was sentenced to three years incarceration on that conviction. On or about July 30, 2002,

a petition was filed in Vigo Superior Court to revoke this petitioner's probation under the aforesaid sentences that were imposed in that court. On February 6, 2003, the Vigo Superior Court revoked probation as follows:

> The Court being advised that the Defendant is currently incarcerated through the IDOC @ the Plainfield Correctional Facility & serving a sentence imposed through Marion County, now sets the Petitions to Revoke Probation/Direct Placement in the Day Reporting Program filed in the above-captioned causes for initial hearing 3/21/03 @ 9:30 a.m. The court ORDERS the VCSD to transport the Defendant from IDOC for hearing in this cause. The Court further orders the VCSD to return the Defendant to the DOC upon final disposition of these matters. The Clerk of this Court is directed the courts notify the Miami Corr. Facility and himself of Documentation that he no longer has an active warrant.

On March 24, 2003, the Vigo Superior Court issued an Order informing this petitioner that the state had filed notice of probation violations, and ordered representation for this petitioner by the Public Defender's Office for probation revocation proceedings. On May 29, 2003, the Vigo Superior Court indicated that this petitioner wished to proceed in the probation revocation proceedings pro se, apparently attempting to invoke *Faretta v. California*, 422 U.S. 806 (1975). He admitted that he violated the terms of what is called Direct Placement. The Vigo Superior Court accordingly revoked the petitioner's probation and ordered him to serve one year <u>consecutive</u> to the sentence already imposed in the Marion Superior Court. Now apparently, this petitioner is attempting to claim that court-appointed counsel for the revocation proceedings in the Vigo Superior Court rendered unconstitutionally deficient and ineffective representation, apparently attempting to invoke

3

the concepts of *Strickland v. Washington*, 466 U.S. 668 (1984).  Apparently this petitioner is now claiming that some way or other he was entitled to the benefits of Indiana Code 12-23-6-1.  However, he is climbing a steep hill.  If he insisted on proceeding pro se, he cannot claim his own ineffectiveness and is hard pressed to claim the ineffectiveness of counsel which he declined to use.

The focus here is not on violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  This case is not a back-up common law appeal from actions taken by these state courts.  The basic common law standards for revocation proceedings are found in *Morrissey v. Brewer*, 408 U.S. 471 (1972)as well as *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) and *Black v. Romano*, 471 U.S. 606 (1985).  It also needs to be mentioned that this petitioner was in fact represented by counsel in the Marion County proceedings.  It is vague at best to try to charge counsel in Terre Haute, Indiana for somehow being ineffective with regard to proceedings in Indianapolis, Indiana involving this petitioner.  Even assuming without deciding that somehow the lawyer in Terre Haute missed the boat, this petitioner must show more than that.  As the Court of Appeals in this circuit has recently stated in *Knox v. United States*, No. 04-1938 (7th Cir. March 9, 2005), lawyers must make those arguments that are most likely to be successful.  With all deference, the lawyer in this case in Terre Haute, Indiana simply had a judicial sow's ear created by this petitioner and it would have been a miracle for him to be able to make a silk purse out of it.  This petitioner is far from showing that whatever the lawyer in Terre Haute might have done would have changed his situation.

4

More importantly, he fired the lawyer in Terre Haute and he is now hard placed to claim his ineffectiveness. *See Martinez v. Court of Appeal of California, 4*, 528 U.S. 152 (2000). Mr.

Mr. Parkinson, able lawyer that he is, has tried valiantly to put the best face on this case. This court appreciates his efforts greatly and it is hoped that Kenneth Adam Marshall does too. However, Mr. Parkinson has to play the hand that has been dealt him, and the record in this case simply will not support the granting of a writ under 28 U.S.C. §2254 for this defendant. It has been enormously helpful to be able to sort this case out and make sense out of the sequence of events. For that the court is grateful to both Mr. Parkinson and the Deputy Attorney General of Indiana. But, alas, there is no basis presented here by this petitioner for relief under 28 U.S.C. §2254, and such is now **DENIED**. **IT IS SO ORDERED**.

DATED: June 24, 2005

                                                   S/ ALLEN SHARP
                                                   **ALLEN SHARP, JUDGE**
                                                   **UNITED STATES DISTRICT COURT**